UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-125

BRENDA DEATON,                                PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on November 26, 2002, alleging disability beginning on November 19, 1992, due to a combination of impairments.

This application was denied initially and on reconsideration. On April 28, 2005, an administrative hearing was conducted by Administrative Law Judge Joan Lawrence (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 508-519). At the hearing, James Miller, a vocational expert (hereinafter "VE"), also testified (Tr. 519-523).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 26, 2005, the ALJ issued her decision finding that Plaintiff was not disabled (Tr. 15-27).

Plaintiff was 44 years old at the time of the hearing decision. She attended school through the eighth grade (Tr. 416). She has never worked (Tr. 510).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that Plaintiff suffered from arthritis, migraine headaches, hypertension, gastroesophageal reflux disease, carpal tunnel syndrome (status post surgery), fibromyalgia, diabetes, thyroid disease, peripheral neuropathy, depression and obesity, which she found to be "severe" within the meaning of the Regulations (Tr. 26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 26).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a range of sedentary work, with certain restrictions as set forth in her decision (Tr. 26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25-26).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 16, 2007 (Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

4

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not state appropriate reasons for rejecting the assessment of Dr. Lee Hayag; (2) the hypothetical to the VE did not accurately describe Plaintiff's residual functional capacity; and (3) the ALJ incorrectly determined that Plaintiff was not disabled at any time through the date of her decision.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not state appropriate reasons for rejecting the assessment of Dr. Lee Hayag.

Dr. Hayag completed an assessment of Plaintiff's mental limitations on March 4, 2004 (Tr. 359-361). He opined that Plaintff had a "limited but satisfactory ability" to deal with the public, use judgment, interact with supervisors, function independently, understand, remember and carry out simple

5

instructions, maintain her personal; appearance and demonstrate reliability (Tr. 360-361). He also found that Plaintiff was "seriously limited but not precluded" from dealing with work stress, maintaining attention and concentration, behaving in an emotionally stable manner and relating in predictable social situations (Tr. 360-361).

The ALJ did not give Dr. Hayag's opinion controlling weight because she found that it was not consistent with the other objective evidence of record. For example, despite Plaintiff's allegations of significant deficits in daily functioning due to mental disorders, the record reveals that Plaintiff cares for herself and retains the capacity to function in the public domain in such places as doctors' offices and grocery stores. Further, the examiners noted that Plaintiff communicated with them without difficulty (Tr. 412-418, 421-428). Nor did Plaintiff exhibit antisocial behavior during the hearing (Tr. 21). To the contrary, the ALJ noted that Plaintiff was able to follow the proceedings and all lines of questioning (Tr. 21).

Although Plaintiff maintains that the ALJ failed to provide "good reasons" for discounting the opinion of Dr. Hayag, the decision speaks for itself. It is clear that the ALJ assessed all the evidence and found Dr. Hayag's opinion to be inconsistent with the record as a whole. The ALJ's approach comports with the

6

Regulations which provide, "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 416.927(d)(2).

Having reviewed the record, the Court finds no error in the ALJ's consideration of Dr. Hayag's assessment.

Plaintiff's second claim of error is that the hypothetical to the VE did not accurately describe Plaintiff's residual functional capacity. Specifically, Plaintiff contends that the ALJ should have described Plaintiff as "functionally illiterate."

The ALJ did not include the term "functionally illiterate" in her hypothetical questions to the VE (520-523). The applicable Regulations define "illiteracy" as "the inability to read or write." 20 C.F.R. § 416.964(b)(1). The Regulation further provides:

> We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name.

*Id.*

In addition, "[g]enerally, an illiterate person has had little or no formal schooling." *Id.*

7

In this case, the record shows that Plaintiff attended school through the eighth grade. The evidence of record indicates that Plaintiff reads at either a second or third garde level. Thus, she would not be deemed "illiterate" under the Regulations but, rather, someone with "marginal education." 20 C.F.R. § 416.964(b)(2). The hypothetical posed to the VE described an individual who had a limited but satisfactory ability to understand, remember and carry out simple instructions (Tr. 522). This is in keeping with the Regulations' definition of "marginal education."

The only evaluator who described Plaintiff as being "functionally illiterate" is Norman Hankins, a licensed psychologist and vocational expert who assessed Plaintiff at the behest of Plaintiff's counsel (Tr. 454-457). Yet, although Hankins used the term "functionally illiterate," he found that Plaintiff reads at a "third grade level" (Tr. 456).

Although Plaintiff maintains that she is "functionally illiterate," in her submissions to the Commissioner, she stated that she could read and write (Tr. 106). Further, she stated that, while in school, she did not have to repeat any grades, nor did she attend special education classes (Tr. 106).

Having reviewed the record, the Court finds that the ALJ's implied conclusion that Plaintiff is not illiterate to be supported by substantial evidence.

8

The Court also finds that the hypothetical posed to the VE to be proper.

Finally, Plaintiff contends that the ALJ incorrectly determined that Plaintiff was not disabled at any time through the date of her decision. Specifically, Plaintiff maintains the ALJ should have applied Rule 201.00(h)(1) of the Medical Vocational Guidelines, which provides that a finding of disability is warranted for illiterate, unskilled individuals, age 45-49, who are restricted to sedentary work and have no past relevant work. 20 C.F.R. § 404, subpt. P, app. 2, Rule 201.00(h)(1). Plaintiff points out that she turned 45 less than a month after the ALJ issued her decision. Thus, according to Plaintiff, the aforementioned rule applies and she is disabled.

The Court finds this argument to be without merit. First, the issue before the ALJ was whether Plaintiff was disabled through the date of her decision, not after it. Further, Plaintiff's argument is, again, assumes a finding of illiteracy, which, as discussed *supra*, is not supported by the record. The ALJ properly determined that Plaintiff had a limited or marginal education. For a person age 45-49 with a limited education, no transferable skills and restricted to sedentary work, the Medical Vocational Guidelines direct a finding of **not** disabled. 20 C.F.R. § 404, subpt. P, app. 2, Rule 201.18

9

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___4___ day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE